William H. STEPNEY, Jr.,
Petitioner-Appellant,

v.

Raymond LOPES and Joseph I. Lieberman, Respondents-Appellees.

No. 753, Docket 84–2317.

United States Court of Appeals,
Second Circuit.

Argued Jan. 30, 1985.

Decided April 16, 1985.

James A. Wade, Hartford, Conn. (Robinson & Cole, Hartford, Conn., on brief), for petitioner-appellant.

Carl Schuman, Asst. State's Atty., Wallingford, Conn. (Anne C. Dranginis, Asst. State's Atty., Susann E. Gill, Deputy Asst. State's Atty., Office of the Chief State's Atty., Wallingford, Conn., on brief), for respondents-appellees.

Before LUMBARD, NEWMAN and KEARSE, Circuit Judges.

KEARSE, Circuit Judge.

Petitioner William Stepney appeals from a judgment of the United States District Court for the District of Connecticut, Peter C. Dorsey, *Judge,* dismissing his petition for a writ of habeas corpus, which asserted principally that the admission at trial of his prearrest statement requesting an attorney violated his Fifth Amendment rights. In an opinion reported at 592 F.Supp. 1538 (1984), familiarity with which is assumed, the district court concluded that Stepney was not entitled to habeas corpus relief because he had failed to assert this constitutional claim in the state trial court, resulting in a procedural default, and he had not demonstrated in the district court cause for his noncompliance with the state court procedures or prejudice resulting from the alleged constitutional violation sufficient to excuse the default. On appeal, Stepney argues that federal review of his constitu-

tional claim is not barred as a result of his procedural default because the state appellate court did not reject his claim on that basis and because, in any event, he has shown cause and prejudice sufficient to excuse the default.[1] We disagree and affirm the judgment dismissing his habeas petition.

## I. BACKGROUND

Stepney was charged with murder, pursuant to Conn.Gen.Stat. § 53a–54a, and convicted after a jury trial. He is serving a sentence of twenty-two years to life imprisonment.

### A. *The State Court Proceedings*

#### 1. *The Trial*

At Stepney's trial, two Connecticut State Troopers were called by the prosecutor to testify about their pre-arrest interview of Stepney on May 9, 1979, the day the victim's body was discovered. Stepney's counsel objected on the ground that any statements attributed to Stepney in this testimony would be inadmissible hearsay. Apparently relying on *State v. Villafane,* 171 Conn. 644, 372 A.2d 82 (1976), *cert. denied,* 429 U.S. 1106, 97 S.Ct. 1137, 51 L.Ed.2d 558 (1977), in which the Connecticut Supreme Court had stated, obiter, that "[t]o qualify as an admission, a statement made by a party must be inconsistent with a position which he takes at trial," *id.* 171 Conn. at 674, 372 A.2d at 97–98, Stepney's counsel argued that Stepney's statements to the state troopers did not qualify as admissions because they were not inconsistent with any position Stepney had taken at trial. Stepney's counsel stressed the evidentiary nature of his objection to the police officer's testimony:

I'm dealing here with a pure evidentiary question and the rules of court and not any constitutional claim.

---

1. Stepney also argues here, as he did in the district court, that certain statements in the trial judge's instructions to the jury "focus[ed]" on his credibility and that of his wife and thereby violated his right to due process. *See* 592 F.Supp. at 1546–49. Viewing these aspects of the instructions, either singly or in combination, in the context of the charge as a whole, *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973), we find no error and no prejudice to Stepney.

592 F.Supp. at 1540 (quoting transcript). The court overruled the objection.

Trooper James Cavanaugh then testified about the prearrest interview with Stepney at the Litchfield State Police Barracks. Toward the end of the prosecutor's direct examination of Cavanaugh, the following testimony was given:

Q: What did you ask him?

A: I asked him again to recall where the—where he had left the beer can and, again, he said he didn't know and I just said to him, "What would you say if I told you that there was an eight ounce beer can found next to the victim's body?" and Mr. Stepney said to me, "Well, after she had finished her drink she wanted a beer, so I went out to my truck and I got her a can of beer," and I said something to the effect, "Well that doesn't make sense to me, that what I know about the victim, she was a liquor drinker and seeing as she had a bottle of liquor there, why would she want a beer?" And *at that point Mr. Stepney got very mad and very upset and jumped up and said he wanted a lawyer and didn't want to talk to me anymore, and he left the room.*

Q: Did he leave the barracks at that time?

A: Yes, he did.

Q: Now, earlier in the evening, did you have an opportunity to observe his demeanor when he was at the Lockwood house, specifically?

A: Yes, I did.

Q: And what did you observe about his—

[Stepney's counsel]: Objection, relevance.

*Id.* (quoting transcript; emphasis added.) Stepney did not object to this testimony on constitutional grounds. Thereafter, Trooper James Daloisio was questioned about the same interview. Stepney made the same hearsay objection he had made earlier; and when Daloisio was asked a specific ques-

tion about how the interview ended, Stepney voiced no objection on constitutional grounds. Stepney never asked that the testimony as to his request to consult counsel be stricken or that the jury be instructed to ignore it.

Stepney testified in his own behalf, giving his version of the events on the morning of the crime and stating that the victim had been alive when he left her house. The trial presentations consumed fifteen days; the jury deliberated for two days before finding Stepney guilty.

*2. Appeal to the State Supreme Court*

Stepney appealed to the Connecticut Supreme Court, arguing, *inter alia,* that (a) his prearrest statements, including his request for counsel, were inadmissible hearsay under the *Villafane* rule; and (b) the admission of the statements interfered with his constitutionally protected right not to testify at trial. In response, the State argued, *inter alia,* that *Villafane* should be overruled and that, as Stepney had expressly waived at trial any constitutional objection to the admission of the statements, appellate review of any such constitutional claim was barred. In addition, the State argued that Stepney had not in fact been forced to testify.

In an opinion reported *sub nom. State v. Stepney,* 191 Conn. 233, 464 A.2d 758 (1983), familiarity with which is assumed, the Connecticut Supreme Court affirmed Stepney's conviction. The court overruled so much of *Villafane* as had stated that a criminal defendant's out-of-court statements are not admissible unless inconsistent with his trial position, and it therefore rejected Stepney's argument that his prearrest statement was inadmissible hearsay. Although the court discussed several other claims made by Stepney on appeal, it did not address his claim that his Fifth Amendment right not to testify at trial—or any other constitutional right—had been violated by the admission of his prearrest statement.

The Connecticut Supreme Court denied Stepney's motion for reargument. The

United States Supreme Court denied his petition for certiorari, —— U.S. ——, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984), and his petition for rehearing, —— U.S. ——, 104 S.Ct. 2163, 80 L.Ed.2d 547 (1984).

### B. *The Present Habeas Petition*

Stepney then filed the present petition for habeas corpus in the district court pursuant to 28 U.S.C. § 2254 (1982). He argued principally that testimony as to his exercise of his Sixth Amendment right to counsel should not have been admitted in evidence and that its admission violated his Fifth Amendment right to remain silent at trial by forcing him to testify in order to explain his conduct. The court dismissed the petition on grounds of procedural default.

The court found that Stepney had failed to make any timely constitutional objection in the trial court, either by way of motion to strike or motion for a new trial. 592 F.Supp. at 1541. The court noted, that under Connecticut law, an appeal from an evidentiary ruling at trial would not be considered without a proper objection and exception, *id.* at 1542–43 (citing *State v. Braman*, 191 Conn. 670, 684, 469 A.2d 760, 767 (1983); Conn. Practice Book § 288), and that the State had argued to the Connecticut Supreme Court that Stepney's failure barred him from obtaining appellate review of his constitutional claim. Since the Connecticut Supreme Court had not mentioned Stepney's constitutional claim in its opinion affirming his conviction, the district court, applying the standard set forth by this Court in *Martinez v. Harris*, 675 F.2d 51 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), and *Johnson v. Harris*, 682 F.2d 49 (2d Cir.), *cert. denied*, 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982), inferred that the Connecticut Supreme Court had accepted the State's procedural argument and had refused to reach the merits of the constitutional claim. Accordingly, the district court ruled that Stepney's procedural default on his constitutional claim in the state trial court precluded federal habeas corpus

review of that claim unless he could show cause for the failure to raise the claim and prejudice arising from the alleged constitutional violation, *see Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

The district court ruled that Stepney had shown neither cause nor prejudice. It rejected the argument that he had suffered prejudice because the admission of the statements forced him to testify in order to explain those statements, noting (1) that the mere presentation of evidence against a defendant does not force him to testify, and (2) that Stepney did not take the stand to explain his desire to see a lawyer but rather "clearly took the stand to present his own case and defense and to refute and deny the evidence against him." 592 F.Supp. at 1544.

## II. DISCUSSION

On appeal, Stepney does not contest the ruling that he did not appropriately raise his constitutional objection to the challenged statement at trial. He argues instead that federal habeas corpus review is not foreclosed because (1) the Connecticut Supreme Court did not rule that he had defaulted in the presentation of his constitutional claim, but instead approved on constitutional grounds the admission in evidence of his request for counsel; and (2) even if the State Supreme Court refused to consider his constitutional claim on account of his procedural default, (a) his reliance on *Villafane* as a ground for exclusion of the prearrest statement constituted cause for the default, and (b) the admission of the statement prejudiced Stepney because it forced him to take the stand to testify in his own behalf and it caused the jury to believe he had asked to see an attorney because he was guilty. We find no merit in his contentions.

### A. *The Procedural Default*

Stepney argues that because the Connecticut Supreme Court did not expressly state that it refused to consider his constitutional claim on procedural grounds, we

should construe its affirmance of his conviction as approving, on constitutional grounds, the admission against him of the prearrest statement that he wished to exercise his Sixth Amendment right to consult an attorney. This argument finds no support in the opinion of the Connecticut Supreme Court and is contrary to the standards set by this Court for the proper interpretation of state appellate decisions in cases where there has been a failure to follow prescribed state procedures in the trial court.

The Connecticut Supreme Court's opinion in *State v. Stepney* gives no indication whatever that that court considered the constitutional implications of the admission in evidence of a defendant's prearrest statement that he wished to consult with an attorney. The court discussed at length the pertinent dictum in *Villafane*, and it analyzed the relevant differences between civil cases, which had originally established the principle that a party's out-of-court statement is not an admission unless it is inconsistent with his litigation position, and criminal cases, to which *Villafane* had stated that the rule also applied. The *Stepney* court saw no sound basis for. allowing a defendant in a criminal case, whose plea of not guilty normally does not commit him to any particular factual position, to exclude all of his out-of-court statements, where no privilege would otherwise attach, simply because it cannot be said that such statements are "inconsistent with" his litigation position. The court concluded that Stepney's statements "were therefore admissions, and the trial court did not err in admitting them as exceptions to the hearsay rule." 191 Conn. at 254, 464 A.2d at 770. The court did not mention Stepney's assertion of a constitutional claim, either a claim that his Sixth Amendment right to counsel had been infringed or the claim that admission of his statement had forced him to testify in violation of his Fifth Amendment right to remain silent. Since the Connecticut Supreme Court's entire discussion dealt with the question as a matter of hearsay analysis, we cannot find in that opinion any support for Stepney's conten-

tion that the court approved the admission as a constitutional matter.

In the circumstances, we must conclude that the Connecticut Supreme Court did not reach the constitutional issue. The teaching of the prior cases of this Court is that when (a) the defendant has failed to follow prescribed state procedures in the trial court to raise a constitutional issue, (b) he thereafter attempts to raise the constitutional issue on appeal to the state appellate court, (c) the State objects to his raising the constitutional question because of the failure properly to preserve the question for appellate review, and (d) the state appellate court affirms the defendant's conviction without stating whether it has rejected the constitutional claim on its merits or on the ground of procedural default, the federal habeas corpus court should normally interpret the state appellate court's ruling as one based on the procedural default. *Johnson v. Harris*, 682 F.2d at 51; *Martinez v. Harris*, 675 F.2d at 54–55; *cf. Hawkins v. LeFevre*, 758 F.2d 866, 873–874 (2d Cir.1985) (where fundamental error not required to be preserved by objection for appellate review, state court's unexplained rejection of claim not deemed a reliance on procedural default). Although this principle was developed in cases in which the state appellate court had simply affirmed convictions without opinion, it is equally applicable to an affirmance in an opinion that does not address the constitutional claim. Accordingly, we conclude that the state court implicitly ruled that Stepney's procedural default barred its consideration of his constitutional claim; federal habeas review is therefore precluded unless Stepney can show both cause and prejudice within the meaning of *Wainwright v. Sykes, see Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976).

B. *"Cause"*

On this appeal, Stepney appears to argue chiefly that the principle enunciated in *Villafane* gave his counsel cause to refrain from raising the constitutional objec-

tion to so much of his statement as mentioned his desire to see an attorney because application of that principle would have kept out of evidence his entire prearrest statement. While it is true that the application of that principle might have had that effect, we disagree that that fact constitutes cause.

First, it is clear that Stepney's counsel made a tactical decision to rely solely on *Villafane* and to forgo the constitutional objection; he explicitly stated as much. "In general, however, defense counsel may not make a tactical decision to forgo a procedural opportunity—for instance, an opportunity to object at trial or to raise an issue on appeal—and then, when he discovers that the tactic has been unsuccessful, pursue an alternative strategy in federal court.... Procedural defaults of this nature are, therefore, 'inexcusable,' ... and cannot qualify as 'cause' for purposes of federal habeas corpus review." — U.S. ——, *Reed v. Ross*, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984) (quoting *Estelle v. Williams*, 425 U.S. 501, 513, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976) (Powell, *J.*, concurring)).

Although there might be circumstances in which a principle relied on for the excludability of proffered evidence was so clear or so well established and counsel's reliance thereon was therefore so justifiable that it would be inequitable to conclude that the failure to state a second ground of objection was inexcusable, this is not such a case. First, the principle stated in *Villafane* was pure dictum: the *Villafane* court, while stating that a criminal defendant's statement would not be admissible unless it was inconsistent with his litigation position, upheld the admission of the statement there in question. Thus, the principle enunciated was not the court's holding. Further, the principle was stated, as the Connecticut Supreme Court noted in Stepney's appeal, without analysis and without a sound basis. Thus, the *Villafane* opinion itself suggested the frailty of the dictum relied on. Finally, even if the Connecticut Supreme Court could have been expected to adhere to the *Villafane*

dictum on an appeal by Stepney, there was always the possibility that the court would conclude either that application of the principle did not preclude the admission of Stepney's statements or that the improper admission of the statements was harmless error. Given all of the flaws in any reliance on *Villafane*, we can hardly conclude that counsel was trapped into placing sole reliance on that case.

Although counsel argues that he chose to rely solely on *Villafane* in order not to highlight to the jury the portion of Stepney's statement that exercised his right to counsel, that argument does not explain why counsel did not make an effort outside the hearing of the jury to have the court take curative action or even to make a record of the constitutional objection. We are forced to conclude that the decision not to raise the constitutional objection at a time when the trial court could have minimized the prejudice, if any, flowing from admission of the reference to counsel, was purely a tactical decision. The fact that the tactic did not succeed or that it may have been ill-advised is insufficient to provide cause for the procedural default.

### C. *"Prejudice"*

Since a petitioner who has procedurally defaulted in state court must show both cause and prejudice in order to obtain federal habeas review, we need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not Stepney showed prejudice. We pause, however, to note our agreement with the district court that even the presentation of damning evidence by the prosecution does not force a defendant to testify and that the decision to testify, in general and in the present case, does not establish prejudice. Finally, although there may be cases in which the admission of the defendant's demand to see counsel may have a significant impact upon the jury, we see no basis in this case for believing that Stepney's request, which was mentioned only briefly in the midst of fifteen days of trial presentation and apparently was not adverted to in

the charge or the summations, had any such impact.

### CONCLUSION

The judgment of the district court dismissing the petition is affirmed.