Russell G. SMART, Petitioner-Appellant,

v.

Charles J. SCULLY, Superintendent, Green Haven Correctional Facility, and Executive Director, New York State Division of Parole, Respondents-Appellees.

No. 117, Docket 85-2137.

United States Court of Appeals, Second Circuit.

Argued Sept. 24, 1985.

Decided April 7, 1986.

R. Nils Olsen, Jr., Buffalo, N.Y. (State University of New York at Buffalo-Faculty of Law), for petitioner-appellant.

Peter Schiff, Buffalo, N.Y., Asst. Atty. Gen., State of N.Y., for respondents-appellees.

Before MANSFIELD, PIERCE and PRATT, Circuit Judges.

PIERCE, Circuit Judge:

On August 20, 1982, appellant Smart moved *pro se* in Erie County Court, State of New York, to withdraw a plea of guilty he had entered on June 9, 1980, to a charge of grand larceny. He moved pursuant to New York Criminal Procedure Law § 440.-10 (McKinney 1983) (NYCPL) alleging that his incompetence at the time of the plea rendered it involuntary and, therefore, unconstitutional. On September 17, 1982, the state judge denied the motion on two grounds. She stated:

The moving papers *must contain sworn allegations* concerning all the essential facts necessary to support defendant's legal claim concerning his incapacity to enter a plea and in what manner his attorney did not adequately represent him (CPL § 440.30-1 & 4[6]). Such necessary allegations are absent

from defendant's moving papers. (emphasis added).

The state judge went on to say:

> In any case, defendant was examined by two psychiatrists and found able to understand the charges and assist in his defense. Defendant's motion should be denied.

On January 16, 1984, Smart, with the assistance of counsel, filed an amended petition in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus[1] on the ground that, at the time he entered his plea of guilty, as a result of daily prescribed medication he was taking due to hospitalization for a nervous breakdown, he "did not fully comprehend the charge pending against him or the full consequences of the guilty plea." He alleged that therefore his federal constitutional rights had been violated by the state court's acceptance of an involuntary plea. The district court, John Curtin, *Chief Judge*, denied the petition on the grounds that Smart's failure to include *sworn* allegations of fact in his § 440.10 motion, as found by the state judge, constituted a procedural default, and that Smart had failed to make a showing of cause and prejudice as required by *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977) and *Phillips v. Smith*, 717 F.2d 44, 48 (2d Cir.1983), *cert. denied*, 465 U.S. 1027, 104 S.Ct. 1287, 79 L.Ed.2d 689 (1984). Since we find that Smart's failure in this case does not rise to

the level of a *Sykes* procedural default, we reverse and remand.

## BACKGROUND

On June 9, 1980, appellant pleaded guilty to one count of grand larceny in the third degree in Erie County Court, State of New York, and, on July 3, 1980, he was placed on probation for five years upon the conditions that he make restitution and submit to psychiatric treatment.[2] On January 15, 1982, appellant was charged with and pleaded guilty to violations of the terms of his probation. About six weeks later, appellant's sentence of probation was vacated, and he was resentenced to an indeterminate term of one to three years imprisonment.

On August 20, 1982, appellant moved *pro se* for the withdrawal of his June 9, 1980 plea, under NYCPL § 440.10, alleging that his incompetence at the time of the plea rendered it involuntary and, therefore, unconstitutional. On September 17, 1982, the state court, without an evidentiary hearing and after review of only the *pro se* motion papers and a responding affidavit, denied the motion on the ground that the motion papers *did not "contain sworn allegations concerning all the essential facts necessary to support defendant's legal claim"* (emphasis added), and added that "in any case" Smart was competent. The state court relied explicitly upon the examination of appellant by two psychiatrists to reach the conclusion that appellant had

---

**1.** On March 10, 1982, Smart filed a notice of motion for leave to appeal the judgment denying his § 440.10 motion. An associate justice of the Appellate Division, Fourth Department, denied permission to appeal since he found that there were no questions of law or fact to be reviewed by that court. For reasons not apparent here, on February 21, 1983, a stipulation of discontinuance was entered into by Smart and the attorneys for the State of New York terminating that appeal.

On October 7, 1982, Smart filed his original *pro se* petition for federal habeas corpus relief as well as a motion to proceed *in forma pauperis* in the United States District Court for the Southern District of New York. On March 9, 1983, the State responded with a motion to dismiss for failure to exhaust state remedies.

On March 28, 1983, the State moved to withdraw its previous motion to dismiss and requested that the action be transferred to the United States District Court for the Western District of New York. This request was granted.

On September 22, 1983, Smart requested the appointment of counsel. This request was granted on October 5, 1983. Later, Smart was granted a certificate of probable cause and permission by Judge Curtin to proceed *in forma pauperis* on this appeal.

**2.** For some unknown reason the transcript of the June 9, 1980 plea proceeding is unavailable, consequently the details of this proceeding have not been revealed to this court. *See* Pet.Br. p. 1 n. *.

been competent. It is unclear, however, whether the state judge was aware that both of these psychiatric examinations took place in January of 1977—approximately three and one half years prior to the date that the plea was accepted.

On January 16, 1984, appellant, with the assistance of counsel, filed an amended petition in federal court for a writ of habeas corpus alleging in effect that his incompetence rendered his June 9, 1980 plea in state court involuntary. Judge Curtin determined that the state court's ruling had been based upon alternative findings, namely, the omission of *sworn* allegations of fact and a finding that appellant had been competent at the time of the plea. The district court denied the petition concluding that Smart's failure to include *sworn* allegations of fact in his § 440.10 motion, as found by the state judge, constituted a procedural default and, therefore, required a showing of cause and prejudice, under both *Sykes* and *Phillips,* in order to authorize federal habeas review of the constitutional claim. The district court then concluded that Smart did not make the requisite showing of cause and prejudice and, thus, ruled that it could not review the merits of petitioner's claim.

## DISCUSSION

### I.

In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court raised a bar to the exercise of federal habeas review in § 2254 petitions in order to heighten the significance of state criminal proceedings and to eliminate any tactical benefit which might be derived by a charged person who deliberately engages in a procedural default although the opportunity to raise federal constitutional claims

was available during the state proceeding. As was stated in *Sykes:*

> We believe the adoption of the [*Sykes* test] in this situation will have the salutary effect of making the state trial on the merits the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.

*Id.* at 90, 97 S.Ct. at 2508.

The heightened barrier to federal habeas review for procedural defaults was designed to eliminate the tactical benefit which might be derived from the stratagem of "sandbagging," *id.* at 89, 97 S.Ct. at 2507; which contemplates that a deliberate default would allow a defendant in a criminal case the opportunity to avoid a ruling, take a chance on gaining an acquittal, but failing that, preserve the opportunity to attempt to gain a new trial by later federal habeas review based upon some claimed shortcoming in the state trial or related proceedings. By placing the cause and prejudice barrier in the way of federal habeas review, the benefits of defaulting upon state procedures designed to give a defendant the opportunity to raise federal constitutional claims are likely to be diminished.

The Court found this to be in the interest of all concerned: the *Sykes* test served the state's interest in an orderly and effective criminal justice system, and it served to protect the defendant's interest in a speedy, fair, and final adjudication of the charges against him. *See generally* Marcus, *Federal Habeas Corpus After State Court Default: A Definition of Cause and Prejudice,* 53 Fordham L.Rev. 663, 680–84 (1985).

In cases subsequent to *Sykes* the Court has found failures to comply with several types of state procedural rules to constitute procedural defaults.[3] Apparently, pro-

---

**3.** *See, e.g., Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (failures to comply with rules requiring issues to be raised on appeal as opposed to post-conviction review constitute procedural defaults); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (failure to make contemporaneous objection to

jury instructions in compliance with state law constitutes a procedural default); *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (failure to make objection to jury instructions either at trial or on appeal constitutes a procedural default even though

cedural "defaults" entail the failure to raise a constitutional claim timely or the failure to utilize the appropriate procedural vehicle to raise such a claim. Either failure could allow what may be a defect of constitutional dimension to go unresolved within the state's procedural scheme.

If, however, a state defendant's failure does not rise to the level of a *Sykes* procedural default, it appears that habeas review must occur unless the error was deliberate. *See Sykes*, 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12; *Fay v. Noia*, 372 U.S. 391, 437, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963); *see also Mitchell v. Scully*, 746 F.2d 951, 955 (2d Cir.1984) (Friendly, J.) ("[b]y not overruling *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), [the Supreme Court] left open the question in what cases 'the deliberate by-pass' standard there announced and in what cases the more restrictive rule of *Wainwright* would apply"); *Forman v. Smith*, 633 F.2d 634, 638–40 (2d Cir.1980) (for analysis of the applicability of *Sykes* and *Noia* in a situation involving an omission at the appellate level), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). Therefore, should Smart's procedural failure not constitute a default, habeas corpus review should be granted unless there is reason to believe that the procedural error was deliberate.

## II.

The district court found that the state judge had denied Smart's plea withdrawal motion on the grounds that Smart, moving *pro se*, had not made *sworn* allegations of fact in support of his motion, thereby failing to comply with NYCPL § 440.30. However, the district court also acknowl-

edged that the state judge evaluated the merits of Smart's claim and rejected the allegations of incompetence at the time of the plea on the basis of two psychiatric examinations of Smart—which happen to have occurred more than three years prior to the time of the plea.

Assuming that the failure to comply with NYCPL § 440.30 amounted to a *Sykes* procedural default, the district court, faced with alternative holdings by the state court, applied our holding in *Phillips*. However, the *Phillips* rule, requiring a showing of cause and prejudice even where the state court has ruled on the merits as well as on a procedural ground, is not applicable where there has been no *Sykes* procedural default. The critical question, therefore, is whether Smart's failure to comply with the New York pleading rule amounted to a *Sykes* procedural default.

A procedurally based state court ruling precludes federal habeas review, absent a showing of cause and prejudice, where it is based upon "adequate and independent state grounds". *See Sykes*, 433 U.S. at 78–79, 83 n. 8, 97 S.Ct. at 2502, 2504, n. 8; *Francois v. Wainwright*, 741 F.2d 1275, 1281 (11th Cir.1984); *Spencer v. Zant*, 715 F.2d 1562, 1571–72 (11th Cir. 1983), *rehearing en banc granted, id.* at 1583, *proceedings stayed*, 729 F.2d 1293 (11th Cir.1984) (en banc); *Breest v. Perrin*, 655 F.2d 1, 2 n. 1 (1st Cir.), *cert. denied*, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 597 (1981); *Marcus, supra*, 53 Fordham L.Rev. at 673–79. While the legislative mandate to require sworn statements in such pleadings carries with it a presumption of legitimacy, the state court's judicial determination herein that non-compliance with such a

---

action involved a collateral attack upon federal conviction brought under 28 U.S.C. § 2255).

This court's application of the *Sykes* test also has been prompted by similar failures to present claims at the appropriate time during state proceedings. *See, e.g., Jackson v. Scully*, 781 F.2d 291 (2d Cir.1986) (failure to raise contemporaneous objection on *Bruton* grounds at trial); *Stepney v. Lopes*, 760 F.2d 40 (2d Cir. 1985) (failure to comply with Connecticut contemporaneous objection rule); *Cantone v. Su-*

*perintendent*, 759 F.2d 207, 217 (2d Cir.) (failure to raise mistrial claim on direct appeal constituted procedural default), *cert. denied,* —— U.S. ——, 106 S.Ct. 109, 88 L.Ed.2d 89 (1985); *Tsirizotakis v. LeFevre*, 736 F.2d 57 (2d Cir.) (procedural default based upon failure to object to jury instructions), *cert. denied,* —— U.S. ——, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984); *Edwards v. Jones*, 720 F.2d 751, 754 (2d Cir.1983) (failure to object to lesser included offense jury instruction).

rule should result in denial of the motion with prejudice enjoys no similar advantage. It seems clear that the state has no substantial or legitimate interest in denying Smart the opportunity to replead his § 440.10 motion. Therefore, we conclude that the rule in *Sykes* is inapplicable and that "cause and prejudice" need not be shown here.

The § 440.10 motion employed by Smart was the proper vehicle for raising his claim under New York State law and clearly gave the state court notice as to the nature of his claim. New York's CPL § 440.30 specifies the procedure to be followed in moving to vacate a judgment pursuant to § 440.10. It requires that the motion be made in writing, upon reasonable notice, that every ground for the relief requested be raised, and that:

> [i]f the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof, whether by the defendant or by another person or persons.

Petitioner's *pro se* motion papers complied with each of these requirements except the one requiring that it contain *sworn* allegations of fact.

The petitioner's state court moving papers were designated as a "Notice of Motion" and made use of a pre-printed form. The document states:

> PLEASE TAKE NOTICE that upon the annexed affidavit or affirmation of RUSSELL G. SMART, Plaintiff, sworn to or affirmed August 20th, 1982, and upon the complaint herein, plaintiff will move this Court pursant [sic] to a 440.10 motion to vacate judgment and set aside sentence.
>
> It should be known to the Court, and members of society that the judgment was entered by the Court when the plaintiff was not in a solid state of mind and suffering from mental disease and defect, and the plaintiff at the time was incapable of understanding or participating in such proceeding....

This document clearly notified the court as to the nature of appellant's complaint. Though it states that an affidavit or affir-

mation was annexed, the record reveals the existence of no such document and the state court's rejection of the complaint based upon a failure to include *sworn* allegations confirms that no such document was submitted. However, an answering affidavit appears in the record and includes an affirmation by an assistant district attorney that:

> Two certified psychiatrists had examined the defendant on January 5 and January 6, 1977 ... both had found the defendant capable to understand the proceedings against him and to assist in his defense.

This statement informed the court that more than three years had elapsed between the completion of the psychiatric examinations and the acceptance of Smart's plea. In our view, these undisputed facts provided a basis for at least an evidentiary hearing on the matter in the state court.

Smart's pleading, while not in compliance with state procedure, notified the court as to his constitutional claim and gave the state court a clear opportunity to address his claim or allow him to replead. We fail to see any legitimate or substantial interest in denying Smart the opportunity to replead the § 440.10 motion. The legitimate interest in this regard, the interest in generating truthful allegations in such motions, hardly extends to the complete preclusion of an opportunity for a *pro se* litigant such as Smart to replead in compliance with the procedural rules. In our view, the state court's denial with prejudice is not based upon an "adequate and independent state ground" warranting a federal habeas court's refusal to consider the underlying federal issues. Consequently, Smart's failure did not rise to the level of a *Sykes* procedural default which might support the state court's decision.

Smart's type of error does not at all implicate the concerns expressed in *Sykes*. The concern embodied in the "cause and prejudice" requirement is that without such a barrier to habeas review (for state litigants who have failed to assert federal constitutional claims timely in state court)

the significance of the state proceeding as the appropriate forum for the adjudication of all claims in a state criminal prosecution would be diminished for reasons of strategic advantage. However, we can perceive of no tactical benefit to be derived from Smart's failure. His noncompliance with a threshold requirement of post-conviction relief caused him to suffer dismissal of his motion without providing any opportunity for a favorable outcome. While some litigants might assume there to be some benefit in simply having the litigation moved into federal court, there would be no strategic value in intentionally failing to meet a technical procedural requirement at the state court level in an effort to gain review in federal court when federal review probably would be available in any event, once state remedies had been exhausted. Indeed, such a failure would only forfeit an opportunity for success at the state level.

We perceive three outcomes that might have resulted from Smart's failure in this case—denial of the motion, an evidentiary hearing in state court on the question of competence at the time of the plea, and denial of the motion with leave to amend. The state judge chose denial of the motion. Ordinarily, the result that might fairly be anticipated for a *pro se* litigant would be a denial with leave to amend, *see, e.g., Gulliver v. Dalsheim*, 574 F.Supp. 111, 113 (S.D.N.Y.1983), *rev'd on other grounds*, 739 F.2d 104 (2d Cir.1984) (where the court presumed that a New York state court would have allowed a *pro se* litigant who mislabeled a filing to amend the filing rather than dismiss his claim because of such an error). We perceive of no situation herein in which petitioner could preserve an opportunity for success at the state level while embedding in the state record a basis for possible future habeas relief. Therefore, the concern expressed in *Sykes* that strategic considerations might motivate litigants to forgo opportunities to seek adjudication of constitutional issues in state court

simply do not appear to be presented here.[4] Since the petitioner effectively placed the state court on notice as to the substance of his claim, the state court had the opportunity to address the constitutional claim or at a minimum to allow petitioner to amend his complaint. Under these circumstances, federal habeas review would not diminish the significance of the state proceedings as the appropriate forum for the adjudication of issues related to this state criminal prosecution.

The procedural failure here does not rise to the level of a *Sykes* procedural default, therefore, the only remaining barrier to habeas corpus review would be the *Fay v. Noia* deliberate by-pass standard. Yet, here, it seems quite inappropriate to characterize appellant's failure to comply with the requirement for sworn statements in a *pro se* motion as deliberate. Indeed, the state does not even argue *Fay v. Noia* as a ground for affirmance.

### III.

Since we find no procedural default within the meaning of *Sykes*, the district court's denial of habeas corpus review was incorrectly based on the requirement that "cause and prejudice" be shown, therefore, we reverse the decision of the district court and remand for an evidentiary hearing on appellant's claim of incompetence at the time of the plea.[5]

Reversed and remanded.

---

**4.** Since we find *Sykes* to be inapplicable in this case, we need not reach the question of whether *Sykes* has application to *pro se* litigants generally.

**5.** We note that no issue was raised on appeal as to earlier allegations in the record of ineffective assistance of counsel.