826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur Junior CRUTCHFIELD, Petitioner-Appellant,
v.
David A. GARRAGHTY, Warden; Attorney General of the State of
Virginia, Respondents-Appellees.
 No. 86-7689
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1987.
Decided Aug. 13, 1987.
 
 Arthur Junior Crutchfield, appellant pro se.
 Robert H. Anderson, III, Office of the Attorney General, for appellees.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Arthur Junior Crutchfield appeals the district court order dismissing his petition filed pursuant to 28 U.S.C. Sec. 2254. The district court held that federal review of the petition was precluded due to the Virginia Supreme Court's prior application of its procedural bars to each of the claims presented. The court found that Crutchfield had failed to demonstrate cause and prejudice so as to excuse his procedural default. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 2
 Crutchfield filed his first state habeas corpus petition on March 19, 1984. The second ground for relief in that petition alleged that he was denied effective assistance of counsel at trial because his attorney failed to secure witnesses and did not adequately assert himself at trial. The Virginia Supreme Court dismissed this allegation as conclusory under the rule enunciated in Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948).
 
 
 3
 Crutchfield filed a second habeas corpus petition on June 28, 1985. The Virginia Supreme Court denied relief, applying Va. Code Sec. 8.01-654(B)(2) and the rule in Penn v. Smyth to the entire petition. In allegation (a)(8) of that petition Crutchfield contended that he had been denied effective assistance of counsel by his attorney's failure to subpoena two witnesses. The Virginia Supreme Court held that, to the extent that this allegation was raised in the previous petition, it was repetitive and therefore would not be considered under the rule of Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970).
 
 
 4
 To the extent that the allegations in the first and second petition are the same, Va. Code Sec. 8.01-654(B)(2) is inapplicable. We find that the Virginia Supreme Court's application of Hawks v. Cox is a determination that Crutchfield's allegation that his attorney failed to secure witnesses and his subsequent allegation that his attorney failed to subpoena witnesses are the same allegation of ineffective assistance of counsel.
 
 
 5
 The Virginia Supreme Court applied the rule in Penn v. Smyth to this claim in both the first and second state petitions. Assuming that a dismissal based on failure to comply with Penn v. Smyth is a procedurally based state court ruling, this ruling only precludes federal habeas review if it is based on 'adequate and independent state grounds.' See Sykes, 433 U.S. at 78-79.
 
 
 6
 In Smart v. Scully, 787 F.2d 816 (2d Cir. 1986), the petitioner moved in state court to withdraw a plea of guilty. The state judge denied the motion on the ground that the moving papers did not contain sworn allegations as required by New York criminal procedure rules. Subsequently, the petitioner filed a Sec. 2254 petition. The district court denied the petition on the ground that the failure to include sworn allegations constituted procedural default. The Second Circuit reversed, finding that the state court's denial was not based on an 'adequate and independent' state ground warranting federal refusal to consider the federal issues. Id. at 820. Finding that the state had no substantial or legitimate interest in denying the petitioner the opportunity to replead his motion, the court stated that:
 
 
 7
 We perceive three outcomes that might have resulted from Smart's failure in this case--denial of the motion, an evidentiary hearing in state court on the question of competence at the time of the plea, and denial of the motion with leave to amend. The state judge chose denial of the motion. Ordinarily, the result that might fairly be anticipated for a pro se litigant would be a denial with leave to amend . . ..
 
 
 8
 Id. at 821.
 
 
 9
 While the allegations, particularly in Crutchfield's first state petition, are conclusory in nature, if the petition had been filed in a federal court in this Circuit, the court would likely have required an answer or afforded the pro se petitioner the opportunity to particularize his allegations. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965), cert. denied, 385 U.S. 905 (1966). We find that the state's interest in requiring habeas petitioners to allege facts to support their claims does not outweigh the federal interest in reviewing federal claims where the state has not given the petitioner the opportunity to particularize his allegations.
 
 
 10
 We cannot conclude from the record before us whether or not Crutchfield was given an opportunity by the state to amend his petitions. We therefore remand this case to the district court for that determination. If Crutchfield was given the opportunity to set forth facts to support his claims but did not do so, then application of Penn v. Smyth, in this instance, is an adequate and independent state ground sufficient to foreclose federal review.
 
 
 11
 If the district court concludes that Crutchfield was not given the opportunity to amend, then the court should consider Crutchfield's allegation that his trial counsel was ineffective by failing to call two witnesses. Crutchfield contends that the two witnesses would have established that, contrary to the testimony given at trial, he was closely acquainted with the state's witness, Barbara Bracy. He alleges that his trial counsel's failure to impeach Bracy with these witnesses prejudiced the outcome of his trial. We express no opinion on the merits of this claim.
 
 
 12
 Accordingly, we grant a certificate of probable cause, vacate the district court's decision in part, and remand for further proceedings not inconsistent with this opinion. We affirm the district court's decision finding procedural default on the remaining claims. We dispense with oral argument as it would not significantly aid the decisional process.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.