Melvin GINYARD, Plaintiff,

v.

FISHER, Defendant.

No. 02 Civ. 5730(VM).

United States District Court, S.D. New York.

July 9, 2003.

Melvin Ginyard, Ossining, NY, Pro se.

Willa J. Bernstein, Eliot Spitzer, Attorney General, New York City, for Defendant.

## DECISION AND AMENDED ORDER

MARRERO, District Judge.

Petitioner, Melvin Ginyard ("Ginyard"), presently incarcerated at the New York State Sing Sing Correctional Facility ("Sing Sing"), moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated June 20, 2003, the Court denied Ginyard's petition and stated that a decision setting forth the Court's findings, reasoning and conclusions would be made available to the parties separately. Accordingly, for the reasons discussed below, Ginyard's petition is DENIED.

## I. BACKGROUND [1]

On July 2, 1997, Ginyard was convicted by a jury in New York Supreme Court, New York County, of one count of burglary in the second degree. He was sentenced on July 16, 1997 as a persistent violent felony offender to a prison term of twenty years to life, and is now serving his sentence at Sing Sing.

The evidence presented at Ginyard's trial implicated him in a robbery at the New York Hospital in Manhattan. Elizabeth Cassese ("Cassese"), a forty-six year old cancer patient, was undergoing intravenous chemotherapy treatment in a private room in the hospital's oncology unit. Upon hearing screams emanating from Cassese's room while in a nearby stairwell, Gail Elliot ("Elliot"), a nurse practitioner at the hospital, entered the oncology unit floor and saw a man, later identified as Ginyard, exiting Cassese's room. Cassese continually shouted that someone had stolen her pocketbook. Upon being questioned, Cassese explained that she heard, and then saw, someone in the her room in the vicinity of the closet where her pocketbook was kept. Ginyard was detained by security while in the oncology unit. While

---

1. The factual summary that follows derives primarily from Respondent's Memorandum of Law in Opposition to Petition, dated January 23, 2003, and the New York Supreme Court Brief for Defendant–Appellant, dated May 2000, ("Appellate Brief"), attached as Exh. A to the Declaration in Opposition to Petition for Writ of Habeas Corpus ("Bern.Decl."), dated January 23, 2002. Except where specifically referenced, no further citation to these sources will be made.

standing at the door of her hospital room, Cassese repeatedly identified Ginyard as the man who was inexplicably in her room before her pocketbook was taken. Cassese's bag was discovered by Elliot on top of a trash container on the oncology unit floor.

In his appeal to the New York State Supreme Court, Appellate Division, First Department (the "Appellate Division"), Ginyard challenged: (1) the trial court's allowance of the prosecution's summation, which allegedly violated Ginyard's right to a fair trial; and (2) the harshness of the sentence imposed. On January 11, 2001, the Appellate Division issued a unanimous ruling affirming the trial court's decision in all respects. The Appellate Division held that the prosecutor's summation, while "speculative and inappropriate, [ ] was not so egregious as to deprive defendant of a fair trial, particularly when viewed in light of the overwhelming evidence of defendant's guilt" and that there was no basis for reducing Ginyard's sentence. *People v. Ginyard*, 279 A.D.2d 299, 718 N.Y.S.2d 838 (1st Dep't 2001). The New York Court of Appeals denied Ginyard leave for appeal on April 16, 2001. See *People v. Ginyard*, 96 N.Y.2d 800, 726 N.Y.S.2d 377, 750 N.E.2d 79 (2001).

In the instant petition, Ginyard raises a single claim relating to the sufficiency of the evidence put forth at his trial. Specifically, Ginyard sets forth as the ground for his petition that "[t]he Complainant did not identified [sic] me because she was hooked to the intravenous unit pump, and couldn't get out of the room because it was plugged into the wall." Although Ginyard does not present any argument or analysis in support of this assertion, the Court understands his petition to allege that because of the alleged inability of the victim to identify Ginyard, the evidence presented at the trial was insufficient to support a conviction against him.

On August 21, 2002, the Court ordered Ginyard to file, by October 21, 2002, either a memorandum of law in support of his petition or a declaration indicating that he wished the Appellate Division brief that he submitted alongside his petition to serve as his memorandum of law. On December 5, 2002, by memo-endorsed letter, the Court extended to December 20, 2002 the time for Ginyard to file such a memorandum of law or declaration, noting that if he failed to clarify his intentions by that date, the Court would consider the petition on the basis of the record before it. To date, Ginyard has made no further submissions. Accordingly, the Court considers the petition on the record before it.

## II. *DISCUSSION*

Ginyard bases his habeas challenge on the alleged inability of the victim, due to her incapacitation, to identify him. No other grounds are presented on the face of the petition, nor does Ginyard set forth any other analysis or argumentation in support of his petition. Mindful that arguments of *pro se* petitioners should be "construed liberally" and to assert the strongest arguments that the facts alleged reasonably suggest, *Alexander v. Keane*, 991 F.Supp. 329, 334 (S.D.N.Y.1998), the Court can at best read Ginyard's claim as an implicit challenge to the sufficiency of the trial evidence which established his guilt.

A writ of habeas corpus ordinarily cannot be granted unless the ground presented for review has first been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Daye v. Attorney General of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc). Exhaustion requires a petitioner to have "fairly presented to the state court the same claim that is the basis for his petition for habeas corpus." *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir.1979)

(internal quotations omitted). *See also Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Such a claim must be fairly presented "to the highest state court from which a decision can be had." *Daye*, 696 F.2d at 191 n. 3; *accord Natal v. Bennett*, No. 98 Civ. 1872, 1998 WL 841480, at *3 n. 9 (S.D.N.Y. Dec. 3, 1998). In order to have sufficiently presented a claim to the state court, "the facts on which the defendant relies [must] have been called to the attention of the state court," and the "state court [must] be informed of the legal basis for the claim." *Twitty*, 614 F.2d at 331. *See also Ramirez v. Attorney General of New York*, 280 F.3d 87, 94 (2d Cir.2001).

■ In his Appellate Brief, Ginyard explicitly argued for relief on the grounds of: (1) prosecutorial misconduct at trial, and (2) the harshness of the sentence he received. (*See* Appellate Brief.) Nowhere in the Appellate Brief did Ginyard express the argument that the State had failed to present sufficient evidence to prove his guilt beyond a reasonable doubt, nor did Ginyard mention the failure of the victim to identify him at trial as a violation of his constitutional rights. In sum, on appeal, Ginyard asserted no factual or legal basis for a claim that insufficient evidence was presented at trial to support his conviction in violation of his constitutional rights. Such a claim, therefore, could not be said to have been "fairly presented" to the Appellate Division, or to the New York Court of Appeals, and remains unexhausted in state court.

■ If an inmate has not exhausted his claims in state court, he must return there to do so before a federal court could entertain a habeas petition to consider the merits of such claims. *See Picard*, 404 U.S. at 275, 92 S.Ct. 509 ("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without [sic] an opportunity to

the state courts to correct a constitutional violation."); *Cadilla v. Johnson*, 119 F.Supp.2d 366, 374 n. 7 (S.D.N.Y.2000). In the event a petitioner cannot return to state court by reason of a procedural bar, "his claim may be deemed exhausted, yet forfeited," and the habeas petition asserting such a claim therefore may be properly denied by the district court. *Id.* at 374 n. 7. *See also Stepney v. Lopes*, 760 F.2d 40, 44 (2d Cir.1985) (consideration of a habeas claim precluded because state court review of the claim was procedurally barred); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991) (forfeiture of a claim in state court bars litigation on the merits of that claim in a federal habeas proceeding).

Ginyard's claim alleging insufficiency of the evidence faces a procedural bar in New York state court. New York law permits the filing of only one direct appeal of a conviction by the trial court and only one application for leave to appeal to the Court of Appeals. *See* N.Y. C.P.L.R. 500.10(a) (McKinney 2002); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir.2000); *Strogov v. Attorney General of New York*, 191 F.3d 188, 193 (2d Cir.1999). Having already made one application for appellate review of his state court trial, Ginyard cannot seek further review of claims relating to that trial. *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir.1994); *Richardson v. Greiner*, No. 97 Civ. 5448, 2003 WL 76994, at *2 (S.D.N.Y. Jan. 7, 2003). Thus, Ginyard's insufficiency of the evidence claim is procedurally barred.

■ Ginyard could attempt to overcome the procedural bar applicable here by showing sufficient cause for the default and resulting prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Alternately, Ginyard could overcome the procedural bar by

demonstrating that a "fundamental miscarriage of justice" would result if his claim were not considered on the merits. *Murray*, 477 U.S. at 495–496, 106 S.Ct. 2678. Such a fundamental miscarriage of justice is established by showing that the constitutional error alleged "has probably resulted in the conviction of one is actually innocent" of the crime for which he was convicted. *Id.; McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

However, in this case, Ginyard has not attempted to demonstrate cause for, or prejudice from, the procedural default applicable here. *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir.1985) (if a petitioner does not attempt to explain his failure to raise a claim as part of his appeal in state court, the court need not reach the issue of prejudice). Furthermore, no evidence has been put forth that would suggest this case involves a "fundamental miscarriage of justice." *See Schlup v. Delo*, 513 U.S. 298, 311, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (a " 'colorable claim of factual innocence' " is necessary to establish a fundamental miscarriage of justice) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)). Therefore, the Court deems Ginyard's insufficiency of the evidence claim exhausted, yet forfeited.

### III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the Court's Order dated June 20, 2003 is amended to incorporate the discussion set forth above; and it is further

**ORDERED** that Ginyard's petition for writ of habeas corpus is denied.

As Ginyard has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal of this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of the Court is directed to close this case.

SO ORDERED.