Memorandum : Order affirmed in the following memorandum: In this coram nobis proceeding the defendant charges that his attorney communicated to him a promise made by the District Attorney and the General Sessions Judge while defendant was in court that if he pleaded guilty to first degree robbery he would receive a maximum sentence of 5 years. He admitted that he was armed at the time of the robbery, that he expected to share in the proceeds of this robbery and had been sharing in the proceeds of other robberies. He also admitted being aided by at least one accomplice. When given not less than 15 nor more than 20 years in State prison, he said not a word about any broken promise to sentence him for not to exceed 5 years. Assuming the truth of the allegation of his petition that his attorney told him that if he pleaded guilty he would receive a maximum sentence of 5 years, it would be necessary for him in order to succeed to establish that this allegedly broken promise had been made to his attorney by the Judge or District Attorney. Any substance to this *382 coram nobis proceeding would depend upon the testimony of the lawyer who represented him at the time of his plea. It was not error to have insisted that petitioner obtain an affidavit from this lawyer who is living and available, as a minimnm earnest of good faith to justify the granting of a hearing. If he had applied to this lawyer and the lawyer had declined to comply with a request for an affidavit, there would be time enough to consider whether to grant a hearing at which the lawyer’s attendance might be compelled by compulsory process.
Judges Dye, Froessel, Van Voorhis, Burke and Foster concur in Memorandum; Chief Judge Desmond and Judge Fuld dissent and vote to reverse and to remit the matter to the Court of General Sessions for a hearing on the ground that, since defendant in his coram nobis petition had pleaded facts which, if proven, would be grounds for coram nobis relief (People v. Richetti, 302 N. Y. 290), the court had no power to impose any conditions for allowing such hearing.
Order affirmed.