■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO GONZALEZ, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Owens, J.), rendered July 9, 1984, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered October 18, 1988, which denied his motion to vacate the judgment of conviction pursuant to CPL 440.10.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to vacate the judgment, and the appeals are held in abeyance in the interim; and it is further,

Ordered that the hearing shall be held before a different Justice, who shall file the report with all convenient speed.

The defendant moved, pursuant to CPL article 440, to vacate the judgment of conviction on the ground that he was denied effective assistance of counsel. He alleged, in his affidavit in support of the motion, that his trial counsel had a conflict of interest based upon his prior representation of a prosecution witness who had testified against the defendant before the Grand Jury. The defendant further indicated that he was not advised of the nature of the conflict nor was he informed of his right to retain alternate counsel. He also claimed that as a result of the alleged conflict of interest, certain exculpatory material was withheld from him. The

prosecution did not submit any papers in opposition to the defendant's motion. The Supreme Court, nevertheless, refused to conduct a hearing and summarily denied the motion.

A hearing should have been conducted in connection with the defendant's motion to vacate the judgment, since he set forth facts in his affidavit which do not appear in the record on direct appeal from the judgment of conviction. These facts, if established, could entitle the defendant to the relief sought (see, People v Ferreras, 70 NY2d 630). Accordingly, the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing before a different Justice, and the appeals are held in abeyance in the interim. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.