■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY ROSEN, Appellant. [700 NYS2d 116] —Judgment, Supreme Court, New York County (George Roberts, J., at withdrawal of guilty plea; Frederic Berman, J., at jury trial and sentence), rendered June 5, 1996, convicting defendant of sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's mistrial motion based on a police officer's fleeting reference to defendant's "rap sheet" since "[a]ny prejudice to the defendant which might have arisen due to the brief mention of uncharged criminal activity which was made at defendant's trial was alleviated when the court sustained defendant's objections and took prompt curative action" (*People v Santiago*, 52 NY2d 865). We find in any event that the offending evidence could not have deprived defendant of a fair trial given the overwhelming evidence of his guilt.

Defendant's generalized objection to the officer's account of defendant's postarrest comments and his belated mistrial motion following the People's summation failed to preserve his current contentions that such testimony and comment constituted a violation of his rights to remain silent and to counsel, and we decline to review these claims in the interest of justice. Were we to review these claims, we would find any errors to be harmless in view of the overwhelming evidence of guilt.

The court made a sufficient record in support of its determination to withdraw its former sentence promise, based, *inter alia*, on the psychological report (*People v Schultz*, 73 NY2d 757, 758). The court offered defendant the alternatives of a plea withdrawal or an enhanced sentence; however, defendant refused to respond, instead insisting upon specific performance of the plea bargain. In this situation, where it is clear that the court would not sentence defendant as originally indicated, and that defendant would not make the election for himself, the court was warranted in restoring defendant to his pre-plea position. The court properly ordered the plea to be returned and the case sent to trial, an action to which the defense raised no objection (*see, Matter of Van Leer-Greenberg v Massaro*, 87 NY2d 996; *People v Farrar*, 52 NY2d 302; *compare, Helbrans v Owens*, 205 AD2d 775, *lv dismissed* 84 NY2d 861). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.