■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MASON, Appellant. [717 NYS2d 130] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered September 23, 1998, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The court properly exercised its discretion when it adjudicated defendant a persistent felony offender and sentenced him accordingly. Defendant's extensive criminal history included seven felony convictions and fifteen misdemeanor convictions in New York, as well as out-of-State convictions. Although the instant conviction and the prior convictions were not for crimes of violence, defendant exhibited a pattern of preying on elderly, vulnerable victims. Defendant's conduct required a lengthy prison sentence because every time he was sentenced to prison and paroled, he immediately again engaged in criminal conduct. Defendant's sentence was not disproportionate to those received by his codefendants. Although the codefendants were also multiple felony offenders, their records were less serious than that of defendant. Defendant's sentence is not unconstitutional (*see, Rummel v Estelle*, 445 US 263; *People v Thompson*, 83 NY2d 477). There is nothing anomalous about the fact that a persistent felony offender, in certain situations, is subject to a higher minimum sentence than a persistent violent felony offender. A persistent violent felony sentence is based entirely on the fact of the prior convictions, whereas a persistent felony sentence requires additional findings (*see*, Penal Law § 70.10 [2]; CPL 400.20). In this case, the court properly found that defendant, in addition to having multiple felony convictions, was incorrigible. Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.