THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SAMWELL, Appellant. [731 NYS2d 747] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 10, 1999, convicting him of attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon being stopped for multiple traffic violations, the defendant snatched Officer DelSalto's service revolver from his holster and tried to shoot both DelSalto and his partner. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Corporan,* 169 AD2d 643; *People v Colon,* 161 AD2d 782).

The defendant's contention that the jury's verdict on two counts of the indictment are inconsistent is unpreserved for appellate review, as counsel failed to raise the issue before the discharge of the jury (*see, People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048). In any event, the jurors could conclude from the evidence adduced at trial that when the defendant tried to fire at the two policemen, his intent was to seriously injure them, not to kill them. Accordingly, the jury's decision to acquit the defendant of attempted murder but convict him of attempted assault in the first degree was not inconsistent or repugnant (*see, People v Hinckson,* 266 AD2d 404).

The court properly imposed consecutive sentences on the convictions of attempted assault in the first degree, assault in

the second degree, and criminal possession of a weapon in the second degree. There is no requirement that the victim sustain an actual injury to support a conviction for attempted assault in the first degree. Any or all of Officer DelSalto's injuries may be considered to establish assault in the second degree as a separate crime justifying a consecutive sentence (*cf., People v Parks,* 95 NY2d 811; *People v Ahedo,* 229 AD2d 588). Moreover, once unlawful possession of a weapon is established, the possessory crime is complete and any unlawful use of the weapon thereafter is punishable as a separate crime (*see, People v Almodovar,* 62 NY2d 126, 130).

The sentence imposed is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.