■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RADCLIFFE, Also Known as M.C., Appellant. [749 NYS2d 257] —Appeal by the defendant, by permission, from an order of the County Court, Westchester County (Leavitt, J.), entered June 14, 2001, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered November 18, 1996, on the ground that he was denied the effective assistance of counsel.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Westchester County, for a hearing on the defendant's motion and a new determination thereof, including setting forth its findings of fact, conclusions of law, and reasons for its determination in accordance with CPL 440.30 (7).

The defendant moved to vacate his judgment of conviction, claiming that his trial counsel was ineffective for failing to inform him of a pretrial offer of a sentence of two to four years incarceration in exchange for a plea of guilty. In support of his motion, the defendant supplied the affidavit of his mother, indicating that the defense counsel told her that the prosecutor made this offer. The defendant's friend submitted an affidavit in which he claimed to have been present for this conversation. The defendant did not supply an affidavit from his trial counsel, or explain the absence of such an affidavit. In opposition, the People argued that summary denial of the motion was warranted, without a hearing, because the defendant had failed to obtain such an affidavit or explain why he had not. The County Court denied the defendant's motion without explanation and without setting forth findings of fact, conclusions of law, and reasons for its determination (see CPL 440.30 [7]).

The People rely on *People v Morales* (58 NY2d 1008), and *People v Scott* (10 NY2d 380), to vindicate the summary denial of the defendant's motion. They invest greater reliance in those cases for that result than the cases can support. In *Morales* (*supra*), the defendant claimed that his guilty plea was the product of coercion and intimidation by the court. The position of the defendant in that case was not antagonistic to the attorney who represented him at the plea. In that context, the Court of Appeals vindicated the denial of the defendant's application, which was in the nature of a writ of error coram nobis, without a hearing, because the defendant failed to submit an affidavit from the attorney or explain his failure to do so. In *Scott* (*supra*), the defendant's coram nobis application rested, again, not on a failure of his trial counsel, but on the prosecutor who allegedly broke a sentencing promise that had been communicated to the defendant. It would be natural to support this application with an affidavit of the living and available defense attorney who reported the plea offer to the defendant in that case.

The defendant's application is adverse and hostile to his trial attorney. To require the defendant to secure an affidavit, or explain his failure to do so, is wasteful and unnecessary. The Appellate Division, Fourth Department, recognized as much in a case similar to the instant case where the defendant was claiming ineffective assistance of counsel based on his trial attorney's failure to convey a favorable plea offer (see *People v Sherk,* 269 AD2d 755 [finding error in denying the CPL 440.10 motion without a hearing]; *cf. People v Gil,* 285 AD2d 7, 11-12 [where the First Department found adequate, in the context of

a claim of ineffective assistance of counsel, the defendant's explanation for failing to provide an affidavit from his trial counsel, since the attorney previously had been disbarred]). Likewise, this Court has not required affidavits of counsel where, as here, the defendant is raising an ineffective assistance claim based on an alleged error or omission of trial counsel (*see e.g. People v Park,* 211 AD2d 828; *People v Gonzalez,* 160 AD2d 724).

Accordingly, the County Court should have held a hearing on the defendant's motion. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.