**Carlos SAMPER, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

No. 02–2375.

United States Court of Appeals, Second Circuit.

Aug. 13, 2003.

---

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY, for Appellant.

Susan Axelrod, Assistant District Attorney, New York County, New York, NY, for Appellee.

Present: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

## SUMMARY ORDER

Carlos Samper appeals from the denial of his 28 U.S.C. § 2254 petition, in which he challenged his 1993 New York state conviction, entered pursuant to a jury verdict, for murder in the second degree. He argues that his trial counsel was ineffective for failing to investigate and/or use an alibi defense and potentially exculpatory material in his possession, and that the district court should have held an evidentiary hearing before rejecting this claim.

Samper was convicted of shooting and killing Humberto Valdez. At trial, Bolivar Pena and Denise Valdez ("Denise"), the victim's daughter, identified Samper as the shooter. Denise testified that Arturo Freddy Soriano ("Soriano") also was involved in Valdez's murder, but Pena testified that Soriano was not present. Denise's account was also inconsistent with the autopsy report. Pena provided conflicting accounts of the shooter's clothing and his description of the shooter did not match Samper's characteristics. Both witnesses admitted to using drugs on the night of the murder.

Although both Pena and Denise knew Samper prior to the murder, they delayed in informing the police of the shooter's identity. Pena changed his story several times, coinciding with the State's offer to provide him various types of assistance, and initially did not pick Samper out of a line-up or identify Samper in a photograph. Denise also delayed in informing her mother and sister that she had witnessed the murder and, after identifying Samper as the shooter, recanted the identification to Samper's original counsel. Both witnesses testified that Samper had offered to pay them for their silence.

Samper's trial counsel focused on the lack of credibility of Pena and Denise. During deliberations, the jury sent notes to the trial court indicating that they were having trouble reaching a verdict and did not believe the testimony of one of the eyewitnesses.

After Samper's conviction was affirmed on direct appeal, he filed a N.Y. C.P.L. § 440.10 motion in the trial court and argued that trial counsel was ineffective for failing to, among other things, present an alibi defense and use certain documents in support of Samper's defense. Samper attached affidavits from the alleged alibi witnesses, three related individuals, who stated that Samper was at their home on the night of the murder. Samper argued that trial counsel also should have used, among other things, a statement from Maria Torres, Denise Valdez's aunt, which asserted that Denise's mother told Denise to implicate Samper, and a statement from Soriano, which stated that he was not involved in the murder. Samper explained that the

alibi affidavits and the statements of Torres and Soriano had been in his original counsel's file and were turned over to trial counsel. Samper requested an evidentiary hearing. The trial court denied the claim as meritless without a hearing and the Appellate Division denied leave to appeal.

This Court reviews de novo a district court's denial of relief under § 2254. *See Pavel v. Hollins,* 261 F.3d 210, 215 (2d Cir.2001). Pursuant to § 2254(d), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim," ... "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based upon an unreasonable determination of the facts in light of the evidence in the state record. 28 U.S.C. § 2254(d); *see Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) (a state court adjudicates a claim on the merits "when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment").

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although a decision not to call particular witnesses is typically a question of trial strategy, an unexplained failure to call credible alibi witnesses cannot be considered reasonable trial strategy. *See Pavel,* 261 F.3d at 217–20. In addition,

counsel's failure to investigate alibi witnesses is particularly egregious. *See id,* 261 F.3d at 220–22 & nn. 13–14; *see also Lindstadt v. Keane,* 239 F.3d 191, 199–204 (2d Cir.2001).

■ The current record contains no information as to whether counsel investigated the alibi witnesses or the statements from Torres and Soriano, or why counsel declined to use this information in Samper's defense.[1] At no point during the state or district court proceedings was an affidavit obtained from trial counsel, explaining his actions. In both state and federal court, the State asserted that trial counsel failed to call the alibi witnesses because they had provided conflicting statements to the police. There is nothing in the record to support this argument, however. Therefore, we are unable to determine whether the trial court's denial of Samper's ineffective assistance claim resulted in a decision that was an unreasonable application of *Strickland.*

■ We reject the State's contention that Samper failed to exhaust in state court or preserve in district court his claim that trial counsel was ineffective for not *investigating* the alibi witnesses or the statements of Soriano and Torres. Samper's claim that counsel failed to *use* or *present* the evidence encompassed this issue and we are particularly mindful of the fact that, prior to this appeal, Samper filed his state and federal collateral motions pro se. *See Williams v. Edwards,* 195 F.3d 95, 96 (2d Cir.1999) (per curiam) (pro se pleadings are liberally construed). However, we agree with the State that, other than the alibi affidavits and the statements of Soriano and Torres, the remainder of the documents provided by Samper are not exculpatory, not credible, or duplica-

---

1. Counsel presumably would have had to call Torres and Soriano as witnesses in order to introduce their statements.

tive of evidence submitted at trial, and, therefore, trial counsel was not ineffective for failing to use them.

■ We also reject the state's argument that Samper is not entitled to further factual development of his claim in federal courts because of his failure to pursue such factual development in the state courts. Pursuant to Section 2254(e)(2), if a petitioner "has failed to develop the factual basis of a claim in State court proceedings, the [district] court shall not hold an evidentiary hearing on the claim," unless the petitioner meets strict requirements, which are inapplicable here. "Under the opening clause of Section 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437, 120 S.Ct. 1479. A petitioner is diligent where, as here, he requests an evidentiary hearing in the context of a Section 440.10 motion. *Cf. Drake v. Portuondo*, 321 F.3d 338, 346–47 (2d Cir.2003). We reject the State's contention that state law clearly required Samper to submit an affidavit from his trial counsel to the state court, or an explanation for his failure to do so, and note that this is not the reason that the trial court declined to hold an evidentiary hearing. *Compare People v. Gil*, 285 A.D.2d 7, 729 N.Y.S.2d 121, 125 (1st Dept.2001) (per curiam) (failing to submit an affidavit from trial counsel, or a reason for the failure to do so, in support of an ineffective assistance claim is a basis for denying a § 440.10 motion without an evidentiary hearing) *with People v. Radcliffe*, 298 A.D.2d 533, 749 N.Y.S.2d 257, 258 (2d Dept.2002) (holding that such an affidavit

or explanation is unnecessary). We also reject the State's argument that the issue of the evidentiary hearing was not before the Appellate Division, when Samper sought leave to appeal the denial of his Section 440.10 motion, merely because Samper did not expressly assert that the trial court should have held an evidentiary hearing.

■ Finally, we reject the State's argument that, because Samper failed to expressly request an evidentiary hearing from the district court, he is not entitled to any further factual development of his claims. *See* Rule 8(a) of the Rules Governing Section 2254 Cases ("If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, *shall*, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required." (emphasis added)); *see also Drake*, 321 F.3d at 345–46 ("Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed be able to demonstrate that he is entitled to relief, *it is the duty of the court* to provide the necessary facilities and procedures for an adequate inquiry" (internal quotation marks omitted, alterations from original omitted, emphasis added)); *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) (per curiam) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel *should*, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." (emphasis added)).

We agree with both parties that a full evidentiary hearing is not always necessary to resolve the type of factual dispute presented in this case. *See Chang v. Unit-*

**84**

*ed States,* 250 F.3d 79, 85–86 (2d Cir.2001). Instead, an affidavit from trial counsel explaining his actions may be sufficient. *Id.; see* Rule 7(a), (b) of Rules Governing Section 2254 Cases (allowing the district court to direct that the record be expanded by the inclusion of affidavits).

The district court judgment hereby is vacated and the case is remanded for further factual development consistent with this order. On remand, the district court should consider appointing Samper counsel although we draw no conclusions about the likelihood that he will eventually succeed on the merits of his claim. *See* Rule 8(c) of the Rules Governing Section 2254 Cases.