Jose ROSA, Petitioner,

v.

Victor HERBERT, Superintendent of
Attica Correctional Facility,
Respondent.

No. 02 Civ. 5881 (AKH).

United States District Court,
S.D. New York.

Aug. 14, 2003.

344

Jose Rosa, Attica, NY, Pro se.

### *OPINION AND ORDER DENYING HABEAS CORPUS PETITION*

HELLERSTEIN, District Judge.

Jose Rosa ("petitioner"), proceeding pro se, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his incarceration. After a jury trial, judgment was entered against the petitioner on March 27, 1998 in the Supreme Court, Bronx County, convicting him of two counts of Attempted Assault in the First

Degree and one count of Criminal Possession of a Weapon in the Second Degree. He was adjudicated as a persistent violent felony offender and sentenced to two concurrent indeterminate terms of 25 years to life. Petitioner asserts three grounds of constitutional error entitling him to relief: (1) excessiveness of the sentence; (2) insufficiency of the evidence; and (3) ineffective assistance of counsel. For the reasons discussed below the petition is denied.

The most interesting of petitioner's claims involves his allegation that his counsel failed to advise him not to reject an offer of a seven-to-fourteen year sentence if he were to plead guilty, for he claims that in the absence of a plea agreement, he became subject to being sentenced to the substantially enhanced term of imprisonment of one who is adjudicated a Persistent Violent Felony Offender. The latter part of this opinion discusses whether the New York Supreme Court's denial of this claim because of a pleading deficiency could be considered an adequate and independent state ground–I hold that it cannot, and that I am not foreclosed from treating the merits–and whether petitioner's counsel provided constitutionally inadequate representation by allegedly failing to give him such advice, sufficient to constitute a violation of his Sixth Amendment right to counsel. I hold that petitioner's constitutional rights were not violated, and I dismiss his petition for legal insufficiency.

## I.  Factual and Procedural Background

On June 29, 1996, at approximately 1:35 a.m., Police Officer Patrick Withers and Sergeant Michael Sweeney heard multiple gunshots from the vicinity of Fordham Road and Grand Avenue in the Bronx. At around this same time, "911" operators received calls also reporting gunshots in the area. Withers and Sweeney were directed, by police radio, to drive to the nearby corner of 184th Street and Grand Avenue, where they exited their car and, approximately 35 to 40 feet away, saw petitioner and another man struggling. Petitioner fired two shots at the other man, who fell to the ground. Both police officers yelled, "[p]olice, don't move," and retreated to their car. Petitioner then pointed his gun in the police officers' direction and fired three shots. At that point, the man who had apparently been shot sprang up and fled the scene. The petitioner also then fled. Officer Withers pursued the petitioner, never losing sight of him, and Sergeant Sweeney returned to the car to radio for assistance.

Officer Withers chased petitioner south on Grand Avenue and west onto North Street. Petitioner turned in Officer Withers' direction and, from 20 feet away, "clicked off two more shots," but his weapon did not fire. Petitioner, continuing to flee, turned south on Aqueduct Avenue, discarded his gun in front of 2320 Aqueduct Avenue, and managed to evade a barrier set up at the next corner, Aqueduct Avenue and Evelyn Street, by police officers Jose Pichardo and John Horan. Officers Horan and Withers apprehended petitioner further along Aqueduct Avenue. Officer Withers then returned to the location where he had seen petitioner drop his gun, and recovered a .38 caliber, five-shot revolver. It was warm, smelled of gunpowder, and contained five spent shells. The revolver was later determined to be operable, and evidence of discharge was found in all five chambers. The subsequent investigation of the crime scene did not produce any spent bullets, bullet fragments, or evidence of bullets striking any person or object. Additionally, the man that the petitioner had apparently shot was never found. While being processed at the 52nd Precinct, the petitioner, in response to being told that he was being charged with attempted murder, responded that he was shooting at someone else and not at the police. He later stated at

Central Booking that someone was shooting at him and he was returning the fire.

After his conviction and sentencing, petitioner filed an appeal with the Appellate Division asserting, *inter alia*, that there was insufficient evidence introduced at trial to support his conviction and that his sentence of 25 years to life was excessive. On June 13, 2000, the Appellate Division affirmed the petitioner's conviction. Petitioner then sought leave to appeal to the Court of Appeals, which was denied on August 28, 2000. Petitioner moved to vacate his conviction pursuant to section 440.10 of the New York Criminal Procedure Law on various grounds, including ineffective assistance of trial counsel. The trial court denied this motion on July 25, 2001. On November 8, 2001 the Appellate Division denied petitioner leave to appeal the trial court's decision, and on December 11, 2001 the Court of Appeals dismissed petitioner's application to appeal the Appellate Division's order. The petitioner then filed a writ of habeas corpus with this court on July 25, 2002.

## II. Discussion

### A. Excessiveness of Sentence

In his original petition, petitioner asserted that his sentence of 25 years to life was "unduly harsh." In a later filing, however, the petitioner withdrew this claim as "frivolous and without merit." I agree that such a claim is without merit.[1]

■ If a "sentence is within the range prescribed by state law, ... its length ... does not present a question of constitutional dimensions." *Rivera v. Quick*, 571 F.Supp. 1247, 1248 (S.D.N.Y.1983). Here, petitioner was adjudicated at his sentencing hearing as a persistent violent felony

offender, N.Y. Penal § 70.08 (Consol.1998), and according to state law was eligible for a maximum sentence of life and a minimum of between sixteen to twenty-five years. *Id.* § 70.08(3)(b). Petitioner's sentence is within this prescribed range. Pursuant to section 70.08, the court's adjudication follows from the nature of his prior, and current, convictions, and no additional fact-finding is required. *People v. Mason*, 277 A.D.2d 170, 717 N.Y.S.2d 130, 130 (N.Y.App.Div.2000) ("A persistent violent felony sentence is based entirely on the fact of the prior convictions, whereas a persistent felony sentence requires additional findings.") Since no federal constitutional issue arises here, petitioner wisely withdrew this ground of his petition.

### B. Sufficiency of Evidence

Petitioner's second ground for relief asserts that the evidence introduced at trial was insufficient as a matter of law to support his conviction for either attempted assault or criminal possession of a weapon. "Petitioner bears a 'very heavy burden' in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir.2002) (citing *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993)). Petitioner cannot satisfy that burden.

■ Habeas corpus relief for insufficiency of evidence should be granted only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In conducting this inquiry the evidence is to be viewed as a

---

**1.** Though this claim is procedurally barred because it was not properly presented and exhausted in the state courts, this court is permitted to deny a writ on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (2000).

whole, *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir.1996), and "all the evidence is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Additionally, "all possible inferences that may be drawn from the evidence must be construed in the prosecution's favor." *Maldonado*, 86 F.3d at 35. In assessing petitioner's claim, the court must defer to the jury's assessments of the weight of evidence and the credibility of witnesses. *See id.*

### 1. Attempted Assault

■ Petitioner argues that since the jury found him not guilty of the crime of attempted murder, the evidence necessarily must have been insufficient to prove that he intended to cause serious bodily harm to Officer Withers and Sergeant Sweeney. The argument is without merit. It was not inconsistent for the jury to have acquitted the petitioner of the more serious offense of attempted murder in the first and second degree, and to have found him guilty of the lesser included offense of attempted assault. *People v. Samwell*, 287 A.D.2d 663, 731 N.Y.S.2d 747, 748 (N.Y.App.Div.2001), *appeal denied*, 97 N.Y.2d 760, 742 N.Y.S.2d 621, 769 N.E.2d 367 (2002) (holding that an acquittal for attempted murder and conviction for attempted assault was not inconsistent or repugnant where defendant was accused of shooting at two police officers). There is a difference between "an intent to cause the death of another person," the element of intent required to convict of murder, N.Y. Penal Law §§ 125.27, 125.25 (Consol.1998), and an "intent to cause serious physical injury to another person," the element of intent required to convict of assault in the first degree. *Id.* § 120.10. That same distinction holds with regard to the different states of mind required for attempted murder and attempted assault. Clearly, there was sufficient evidence to allow the jury to find petitioner guilty of attempted

assault. Additionally, the trial court acted correctly in instructing the jury on this lesser included offense to attempted murder. *See People v. Cabassa*, 79 N.Y.2d 722, 586 N.Y.S.2d 234, 598 N.E.2d 1, 3 (1992).

### 2. Criminal Possession of a Weapon

■ Petitioner also contends that the evidence presented at trial was insufficient as a matter of law to sustain a conviction for criminal possession of a weapon. It is not the proper role of the habeas court, however, to weigh or reinterpret the evidence. *See Maldonado*, 86 F.3d at 35. The testimony clearly showed that petitioner pointed a gun in the direction of the pursuing police officers, fired at them, and threw away the gun while being pursued. The gun was recovered, and was found to be operable, and to have been fired. Viewing the evidence as a whole and in the light most favorable to the prosecution, the evidence clearly was sufficient to support a conviction for criminal possession of a weapon.

### C. Ineffective Assistance of Counsel

Petitioner's third ground for relief is that he received ineffective assistance of counsel. Petitioner's claims can be grouped into three broad categories: (1) that counsel did not adequately investigate his case; (2) that counsel did not adequately cross-examine the people's case, in particular Officer Withers; and (3) that counsel failed to counsel him that his rejection of a plea offer would expose him to enhanced punishment as a persistent violent felony offender. None of these claims has merit and they must therefore be denied.

### 1. Standard of Review

■ The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28

U.S.C. § 2254(a) (Supp. IV 1998), requires that a petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –(1) resulted that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.

Accordingly, a federal court must first determine whether a petitioner's claim has been "adjudicated on the merits" by the state court, meaning that the state court has reached "a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001).

The trial court dismissed the first and second of petitioner's ineffective assistance of counsel claims on the merits. It is only with respect to the final claim – that counsel did not properly inform petitioner of the consequences of foregoing a plea – that the trial court relied principally on lack of an affidavit as the grounds for dismissal. Specifically, the trial court dismissed this final claim pursuant to New York Criminal Procedure Law section 440.30(4)(b) finding it was "completely unsupported by the requisite sworn allegations of fact." *People v. Rosa*, No. 4997/96 (N.Y.Sup.Ct. July 25, 2001). Consequently, only the first and second claims are reviewable under the standard set out in section 2254(d).

■ To be entitled to a writ of habeas corpus the petitioner must establish that the state court unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254 (Supp. IV 1998); *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (O'Connor, J.). An unreasonable application "is something different from an *incorrect* or *erroneous* application of federal law." *Williams*, 529 U.S. at 410, 120

S.Ct. 1495 (emphasis in original). "Some increment beyond error is required" to be an unreasonable application, but this increment "need not be great." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir.2000) (internal quotations and citations omitted).

The issue, then, is whether the trial court unreasonably applied the ineffective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to the petitioner's first two claims. Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, petitioner must satisfy a two-part test, showing that (1) in light of all the circumstances, his attorney's performance "fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. 2052, and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. In performing this analysis, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

### 2. Failure to Investigate

Petitioner argues that his lawyer's services were constitutionally ineffective because he failed to investigate the "911" calls and why no bullets, bullet fragments, or evidence of bullets striking any person or object were discovered at the crime scene. But what difference would have resulted from such investigations? If others were involved in the gunshots reported to "911," that would have been irrelevant.

If there were no other incidents, the "911" evidence could have harmed petitioner. Defense counsel acted within his discretion in deciding not to pursue a "911" investigation.

■ Defense counsel also acted within his discretion in not investigating the crime scene for spent bullets. In his cross-examination of Officer Withers, Sergeant Sweeney, and Officer Pichardo, defense counsel specifically asked if any spent bullets, bullet fragments, or evidence of bullet impacts were discovered in the vicinity of the shooting. Additionally, during summation, defense counsel made specific references to the lack of any physical evidence that shots were fired. Counsel stated, "[A]ll these bullets however you choose to count them, they don't dissipate in the air. They can't keep traveling forever. Where are they?" Later, he remarked, "[W]here are the spent bullets? Or do these bullets, they just fly out of existence? How can that be?" This line of defense attack might not have been possible if defense counsel had conducted an investigation of the crime scene, and defense counsel acted properly, and within his discretion, in deciding not to conduct such an investigation.

### 3. Failure to Cross–Examine

■ Petitioner next argues that his defense counsel did not conduct an effective cross-examination. The argument is without merit. From my review of the record, I find it clear that defense counsel's cross-examination of the prosecution's case, in particular Officer Withers, was diligent and vigorous. Defense counsel elicited the inconsistencies in testimony with other witnesses and in connection with prior testimony before the Grand Jury and in pretrial hearings, and in relation to written reports and memoranda. By way of illustration, the direct examination of Officers Withers was reported in 15 pages of trial transcripts; defense counsel's cross-examination took two days and was reported in more than 150 pages of transcript. Defense counsel's decision not specifically to challenge Officer Withers' testimony that he had kept petitioner within his sight during his entire pursuit, was a strategic call that could well have been based on a cross-examiner's belief in what could be achieved, or lost, by a specific confrontation. "Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature," and generally cannot support a claim of ineffective assistance of counsel. *United States v. Nersesian,* 824 F.2d 1294, 1321 (2d Cir.), *cert. denied,* 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987). Petitioner's argument is without merit. There is no doubt that defense counsel's conduct was adversarial, tested the merits of the prosecution's case, and fell within the range of "professionally competent assistance." *See Strickland,* 466 U.S. at 686, 690, 104 S.Ct. 2052.

### 4. Failure to Advise on the Consequences of the Rejection of the Plea Offer

Petitioner's third argument raises an interesting question concerning practice and procedure with regard to plea offers. Petitioner alleges that he was offered an indeterminate term of custody of seven to fourteen years, if he agreed to plead guilty. Petitioner rejected the offer, claiming that he was exposed to not much more, to seven-to-twenty-five years. However, under the Penal Law, petitioner was actually exposed to much more: to indeterminate sentences of 20 years to life if found guilty of attempted murder in the first degree, 15 years to life if found guilty of attempted murder in the second degree, and 7½ to 15 years if found guilty of attempted assault in the first degree. Additionally, the petitioner was also charged

with Criminal Possession of a Weapon in the second and third degree, which carried minimum indeterminate sentences of 7½ to 15 years and 3½ to 7 years, respectively. The sentences could run concurrently or consecutively in whole or in part as the court might order, depending on the crimes of which the jury found him guilty.

As it turned out, when the probation report on petitioner became available, petitioner's current, and prior, convictions made him a Persistent Violent Felony Offender as defined by Penal Law § 70.08.[2] Under the law, the court was required, under the mandatory sentencing provisions of the act, to sentence petitioner to an indeterminate term of 16 to 25 years, and up to a term of life. Petitioner was sentenced to two concurrent terms of 25 years to life.

Petitioner argues that he rejected the plea offer without knowing that he was subject to enhanced sentencing as a Persistent Violent Felony Offender, and that his attorney's failure so to advise him was constitutional error, depriving him of the constitutional right to counsel guaranteed to defendants by the Sixth Amendment to the United States Constitution.

Petitioner timely raised this issue in his petition *coram nobis* to the trial judge. N.Y.Crim. Proc. Law § 440.10. His verified petition and supporting memorandum stated the grounds noted above, providing an affidavit, as required by section 440.30, from petitioner. However, the application was conclusory and did not contain an affidavit from petitioner's counsel, making it difficult for the court to ascertain, from the moving papers if constitutional error had been "conclusively substantiated by unquestionable documentary proof," or if it were required to conduct a hearing in the presence of defendant and make "findings of fact essential to the determination thereof." *Id.* § 440.30(1)-(5). Accordingly, the state court dismissed the petition, holding that petitioner's failure to supply an affidavit of his counsel made the petition fatally defective. Having exhausted his state court remedies, petitioner seeks review, and reversal, by this court. The issue before me is whether the holding of the state court reflects an independent and adequate state ground that precludes consideration of the federal constitutional claim, and if not, whether, upon review de novo, the alleged failure of petitioner's counsel adequately to counsel petitioner concerning his exposure to an enhanced sentence as a persistent violent felony offender constitutes a constitutional violation.

### a. *Adequacy of State Procedural Dismissal*

■■■■ Generally, a federal court is barred from reviewing a constitutional claim if "a state court rests its judgment on an adequate and independent state ground, including a state procedural bar." *Reid v. Senkowski*, 961 F.2d 374, 377 (2d Cir.1992). Even an alternative holding, one ground procedural and one ground

---

**2.** Section 70.08 defines a persistent violent felony offender as "a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04." N.Y.Crim. Proc. Law § 70.08 (McKinney 1998). Section 70.02 catalogs various types of violent felonies into distinct classes. *Id.* § 70.02. Section 70.04(1)(b) sets out the criteria for determining "whether a prior conviction is a predicate violent felony conviction." *Id.* § 70.04(1)(b). [Cont.]

Petitioner qualified as a persistent violent offender because he had been convicted, in 1982, of assault in the second degree, and in 1986, was convicted of criminal possession of a weapon in the third degree. In 1991, he was sentenced as a persistent felony offender when he was convicted of sale of a controlled substance in the third degree.

substantive, can constitute an adequate and independent state ground precluding a district court from reviewing the substance of an alleged constitutional violation. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990).

New York's Criminal Procedural Law regulates the manner of bringing a collateral attack on a judgment where the grounds of the claim are not apparent from the record of trial:

> If the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof, whether by the defendant or by another person or persons. Such sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant must state the sources of such information and the grounds of such belief.

N.Y.Crim. Proc. § 440.30(1). The court then decides, based upon the sworn allegations of the petition, the people's "answer denying or admitting any or all of the allegations," and documentary material that either may attach or incorporate, whether the motion is determinable without a hearing, or a hearing is required to resolve questions of fact. *Id.* If "[t]he motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts," the court may deny the motion without conducting a hearing. § 440.30(4)(b).

The trial court dismissed petitioner's "440.10" claim. Although petitioner "submitted his own affidavit," the trial court held, petitioner "failed to meet th[e] first prerequisite for relief" by having "failed to submit an affidavit from his trial counsel," and by not "offer[ing] any explanation for this omission." *People v. Rosa*, No.

4997/96 (N.Y.Sup.Ct. July 25, 2001). The issue that I have to decide is whether the trial court's dismissal was an adequate and independent state ground.

▬▬ A "firmly established and regularly followed" state procedural rule generally is considered an adequate and independent state ground, sufficient "to foreclose review of a federal claim." *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). In exceptional cases, however, an "exorbitant application of a generally sound rule" may affect the adequacy and independence of the state procedural ground, and allow the United States district court to consider the merits of a constitutional claim. *Id.; see also Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir.2003) (waiver of Sixth Amendment right to confront witnesses). In *Lee v. Kemna*, the most recent discussion of the issue by the United States Supreme Court, three criteria were advanced to help determine the issue: (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest. 534 U.S. at 381–85, 122 S.Ct. 877; *Cotto*, 331 F.3d at 240. It is not enough that the state procedural rule "generally serves a legitimate state interest"; the more important question is whether the application of the procedural rule is "firmly established and regularly followed" in the specific circumstances presented in the case, an inquiry that includes "an evalua-

tion of the asserted state interest in applying the procedural rule in such circumstances." *Cotto*, 331 F.3d at 240 (citing *Lee*, 534 U.S. at 386–87, 122 S.Ct. 877).

■■■ The dismissal by a state court of a petition to review and reverse a conviction because of failure to submit the affidavit required by section 440.30 of the Criminal Procedure Law may not, by itself, be an independent and adequate state ground sufficient to foreclose federal review of an alleged constitutional violation. *Smart v. Scully*, 787 F.2d 816 (2d Cir.1986). If a petitioner's pleadings gives the state court sufficient notice of the constitutional claim, and affords the court a "clear opportunity" to address the claim without the required affidavit, the state court is required to review the claim, or give petitioner an opportunity to replead. *Id.* at 820. In such a situation, the Second Circuit Court of Appeals held, there is no "legitimate or substantial interest in denying [petitioner, particularly a pro se petitioner] the opportunity to replead the § 440.10 motion." *Id.*

Surprisingly, *Smart v. Scully* is cited infrequently, and a number of district courts in this circuit have held, without reference to *Smart* or much discussion, that a dismissal for failure to file an affidavit pursuant to section 440.30 represents an adequate and independent state ground.[3] Undoubtedly, section 440.30 reflects important state policy. The busy trial justices, heavily burdened with the processing and trials of felony cases, should not have to deal with conclusory charges of constitutional error, and be required to search the records of trial in order to review the merits of petitioners' claims. The requirement of the Criminal Procedure Law, requiring petitioners to show the bases of their claims of constitutional error by sworn and competent proofs, enables the trial courts to evaluate such claims promptly, upon the papers, and to decide whether summarily to deny them as plainly without merit, to grant them because they are "conclusively substantiated by unquestionable documentary proof," or to conduct a hearing in the presence of defendant and make "findings of fact essential to the determination thereof." N.Y.Crim. Proc. Law § 440.30(1)-(5). These requirements of New York post-conviction procedures advance state interests in the certainty and reliability of judgments of conviction, the efficient and orderly administration of the criminal courts, and the need of sentenced defendants to accept responsibility for what they did and to begin the task of rehabilitating themselves preliminary to re-entering society.

■■■ However, in view of *Smart v. Scully* and applying the criteria of *Lee v. Kemna*, I hold that the state court's dismissal in the instant case does not represent an adequate and independent ground that forecloses my review of petitioner's habeas claim. There is no requirement in

---

3. *Shaw v. Artuz*, No. 99 Civ. 9754, 2001 WL 1301735, at *4 (S.D.N.Y. Oct.19, 2001) (holding dismissal pursuant to section 440.30(4)(b) procedurally bars habeas court's review of the merits); *White v. Keane*, No. 00 Civ. 6202, 2001 WL 699053, at *2 (S.D.N.Y. June 21, 2001) (same); *Norman v. New York*, No. 97 Civ. 7051, 1999 WL 983869, at *2 (S.D.N.Y. Oct.26, 1999) (same); *Roberts v. Scully*, 875 F.Supp. 182, 193 n. 7 (S.D.N.Y.1995) (same). *But see Lou v. Mantello*, No. 98–CV–5542, 2001 WL 1152817, at *10 n. 9 (E.D.N.Y. Sept.

25, 2001) (reaching same conclusion as *Smart* that dismissal pursuant to section 440.30(4)(b) does not preclude habeas court from reaching merits of petitioner's claim); *Ortiz v. Keohane*, No. CV–94–0124, 1995 WL 669904, at *4 n. 5 (S.D.N.Y. Nov. 5, 1995) (same); *Muhammad v. Kirk*, No. 90 Civ. 1667, 1993 WL 37502, at *4 (S.D.N.Y. Feb.8, 1993) (same); *Anderson v. Scully*, No. 90 Civ. 0171, 1991 WL 156234, at *2 n. 1 (S.D.N.Y. Aug.7, 1991) (same).

section 440.30 that petitioner must submit an affidavit from his lawyer in support of his petition. The burden on the trial court, to order petitioner to replead and thereby cure his failure to include substantiation and documentation, would have been slight, and a failure by petitioner at that point could have been an adequate basis to dismiss his petition on the merits. And a repleading by petitioner might have shown that there were no merits to his claim, enabling the state court to deny the petition on stronger and firmer grounds.

Furthermore, the state court's holding, requiring an affidavit of counsel to attest to his own inadequacy, is neither firmly established nor regularly followed by the New York courts. Although there are cases holding that a *coram nobis* court may dismiss a petitioner's claim of ineffective assistance of counsel because he failed to submit an affidavit by his counsel, *see People v. Morales,* 58 N.Y.2d 1008, 461 N.Y.S.2d 1011, 448 N.E.2d 796 (1983); *People v. Scott,* 10 N.Y.2d 380, 223 N.Y.S.2d 472, 179 N.E.2d 486, 486 (1961), the more recent cases hold the opposite. *See People v. Radcliffe,* 298 A.D.2d 533, 749 N.Y.S.2d 257, 258 (N.Y.App.Div.2002); *People v. Sherk,* 269 A.D.2d 755, 704 N.Y.S.2d 401, 401 (N.Y.App.Div.2000) (stating "[d]efendant's sworn statement raises a factual issue that requires a hearing" where "[d]efendant's submissions 'tend to substantiate all the essential facts' necessary to support defendant's claim of ineffective assistance of counsel"); *People v. Gonzalez,* 160 A.D.2d 724, 554 N.Y.S.2d 48 (N.Y.App.Div.1990) (holding that defendant was entitled to a hearing where his sworn allegations set out facts which, if proven, could entitle him to relief); *see*

*also Samper v. Greiner,* No. 02–2375, 2003 WL 21938757 (2d Cir. Aug. 13, 2003) (summary order) (rejecting state's contention that state law clearly required petitioner to submit an affidavit from his trial counsel to the state court when claiming ineffective assistance of counsel in 440.10 motion). Clearly, no rule requiring dismissal is "firmly established and regularly followed."

In the case before me, petitioner complied formally with the procedures set out in section 440.30, for his verified petition was the equivalent of an affidavit. Section 440.30, however, requires that a motion, if based on "the existence or occurrence of facts," "must contain sworn allegations" by "the defendant or by another person or persons," and petitioner's papers did not sufficiently set out such facts. The petition lacked support of "any other affidavit or evidence," and was not entirely consistent, between the sentence to which petitioner thought he was exposed, and the sentence to which he actually was exposed, even without taking into consideration the enhanced punishment provided by New York's Persistent Violent Offender Law, N.Y. Penal Law § 70.08, as to give rise to a question of petitioner's credibility. *See* N.Y.Crim. Proc. Law § 440.30(4)(d).[4]

The petition was dismissed outright, however, and without leave to replead, and the ground of dismissal was not a failure to satisfy the requirement of section 440.30 that "the existence or occurrence of facts" be shown, but because no affidavit of counsel was submitted. And, as discussed above, New York procedural law does not "firmly" and "regularly" require dismissal if a pro se complaint fails to include such a

---

**4.** Section 440.30(4)(d) provides that a court may deny a petition without conducting a hearing if "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsup-

ported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true." N.Y.Crim. Proc. Law § 440.40(4)(d) (McKinney 1994).

supporting affidavit. After all, a claim by petitioner that his counsel was ineffective is likely to be "adverse and hostile to his trial attorney," and "[t]o require the defendant to secure an affidavit, or explain his failure to do so, is wasteful and unnecessary." *Radcliffe,* 749 N.Y.S.2d at 258.

Certainly, petitioner's allegations regarding his decision not to plead are not entirely credible. Petitioner's maximum exposure to prison was not 25 years, as he claims to have thought when he rejected the plea offer, but to much more, up to life if found guilty of the attempted murder charges, and up to 30 years if found guilty of the attempted aggravated assault and gun possession charges and sentence to consecutive maximum terms of 15 and 15 years, respectively. And this does not even consider the probability that defendant was aware of his exposure to mandatory enhanced sentencing for, among other things, petitioner, in the past, had been sentenced as a predicate offender pursuant to N.Y. Penal Law § 70.06.

The policy of New York, to require a detailed petition as a condition of seeking post-conviction review pursuant to sections 440.10 and 440.30, would have supported a dismissal with leave to replead, and a dismissal outright if petitioner, on such pleading, failed to make a legally sufficient showing of entitlement to such relief. Unquestionably, such state actions would have constituted adequate and independent state grounds, foreclosing a federal court from proceeding to a review of the merits. The state court's dismissal outright, however, because petitioner failed to supply an affidavit of his trial counsel, does not constitute such an adequate and independent state ground. Under *Smart v. Scully,* 787 F.2d 816, I must proceed to review the merits of petitioner's argument that he was denied adequate representation of counsel in violation of his Sixth Amendment rights.

### b. *De Novo Review on the Merits of the Claim*

Petitioner argues that, but for his counsel's failure to advise him that he was subject to a substantially enhanced sentence as a persistent violent felony offender, he surely would have accepted the plea offer of a seven-to-fourteen year sentence; that, under *Strickland,* there was a manifest necessity for counsel to advise him of his sentencing exposure; and that his counsel's failure to give him such advice constitutes ineffective assistance of counsel. *See Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996). Petitioner claims that he thought that his maximum exposure was seven-to-twenty-five years, not the term of twenty-five-years-to-life to which he was sentenced, and he rejected the plea offer because, he felt, there was not much difference between seven-to-fourteen years, and seven-to-twenty-five years. Clearly, he argues, the difference between the sentence offered to him, and the sentence he received, was substantial, and, therefore, the failure of counsel adequately to advise him satisfies *Strickland's* second criterion of a materially different outcome resulting from counsel's inadequate performance.

Petitioner's argument lacks merit. The court is not bound by a plea agreement between the prosecutor and the defendant, even if the court stated that it would go along with the terms of the agreement. *People v. Farrar,* 52 N.Y.2d 302, 437 N.Y.S.2d 961, 419 N.E.2d 864, 865–66 (1981). The sentencing judge may order a sentence that is more, or less, stringent than that contemplated by the plea agreement, for the sentencing judge is to exercise wise discretion, "after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and de-

terrence." *Id.*, 419 N.E.2d at 865. As Chief Judge Cooke observed, "the necessary exercise of discretion cannot be fixed immutably at the time of the plea, for the decision requires information that may be unavailable then." *Id.* Even if the court indicates that the proposed sentence of a plea agreement is fair and acceptable, that indication is customarily made before the pre-sentence report has been filed, and other relevant information may be available. *Id.* The New York Court of Appeals has held:

> [A] sentence negotiated prior to the plea, and in most cases prior to receipt of a presentence report, does not automatically become the sentence of the court. Just as the court must be free to impose a more severe sentence when warranted, the plea and sentence process must leave the court leeway to consider a lesser penalty when the facts and justice so require. No less can be accepted if the integrity of the criminal justice system is to be maintained.

*Id.* at 865–66.

In *People v. Selikoff*, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974), the trial court accepted a plea agreement, believing that the defendant was a minor participant in a real estate swindle, and the pre-sentence report stated that the defendant had denied his role in the fraud. It turned out, however, after the trial of the co-defendants, that the defendant was a major participant. The trial judge then warned the defendant to expect a sentence that would reflect the defendant's major role, but offered him an opportunity to withdraw his plea of guilty. The defendant refused to withdraw his plea, and insisted that the judge perform according to his "promise." The judge refused and, instead of giving the defendant no jail time, as the plea agreement provided, sentenced the defendant to an indeterminate five-year term of custody.

Chief Judge Breitel, writing for a unanimous court, upheld the sentence. He ruled that a judge "may not ignore those provisions of law designed to assure that an appropriate sentence is imposed," that which will have "the purposes of deterrence, rehabilitation, and social protection." *Id.*, 318 N.E.2d at 791. A sentence that is promised at the time a plea is presented for the court's approval is "conditioned upon its being lawful and appropriate in light of the subsequent pre-sentence report or information obtained from other reliable sources." *Id.* The trial court's agreement upon accepting a plea is not governed by "commercial contract law" or notions of "specific performance," for the "strong public policy of rehabilitating offenders presents considerations paramount to benefits beyond the power of individuals to 'contract.'" *Id.* at 791–92.

Defendant could not be sentenced except after a pre-sentence investigation of him, and a written report of such investigation. N.Y.Crim. Proc. Law § 390.20 (McKinney 1994); *Selikoff*, 318 N.E.2d at 791. Defendant had no right to enforce the plea agreement offered to him. New York's policy of enhanced punishment of felony recidivists comes into play when a defendant's prior convictions are gathered, often after a plea deal may be offered by the prosecutor and even after such a deal may be accepted by a defendant. *See, e.g., People v. Rosen*, 267 A.D.2d 28, 700 N.Y.S.2d 116, 117 (1st Dep't 1999); *Farrar*, 419 N.E.2d at 865–866. Defendant is not entitled to specific performance of his plea deal; his recourse, at best, is to withdraw his plea and proceed to trial.

Thus, defendant was not prejudiced by his counsel's alleged failure to advise him that he was subject to enhanced sentencing as a persistent violent felony offender. And, more important, his sentencing as a persistent violent felony

**356**

offender was mandatory, and could not have been circumvented by the prosecutor or the court. *See People v. Scarbrough,* 66 N.Y.2d 673, 496 N.Y.S.2d 409, 487 N.E.2d 266 (1985); *Brown v. Greiner,* 258 F.Supp.2d 68, 71 (E.D.N.Y.2003) (comparing enhanced sentencing procedures in New York for different classifications of felonies). The prosecutor is required, "before sentence is imposed," to file a statement setting forth the date and place of each predicate violent felony conviction and, if not specifically controverted by the defendant, or if found by the court after a hearing, the defendant must be sentenced to an "indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment," and the minimum term of which is to depend according to the class of the crime of which he is convicted. N.Y.Crim. Proc. Law §§ 400.15–.16 (McKinney 1994); N.Y. Penal Law § 70.08. Whatever plea bargain defendant claimed to have been able to make would have been contingent upon it being lawful and appropriate in light of all the circumstances brought to the court's attention, by the pre-sentence reports and other sources. *Selikoff,* 318 N.E.2d 784. Regardless if petitioner had been advised by counsel, he could not have been sentenced according to the plea offer he claims to have rejected. Since the outcome could not have changed, defendant could not have been prejudiced by any failure of counsel to give him advice.

### III. Conclusion

For the reasons discussed, I deny the petition for a writ of habeas corpus. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States,* 107 F.3d 1011, 1016–17 (2d Cir.1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997). I certify pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.