Carlos SAMPER, Petitioner–Appellant,

v.

Charles GREINER, Superintendent, Respondent–Appellee.

No. 05–3013–PR.

United States Court of Appeals, Second Circuit.

April 10, 2006.

Eleanor Jackson Piel, New York, New York, for Petitioner–Appellant.

Susan Axelrod, Assistant District Attorney (Robert M. Morgenthau, District Attorney, New York County, Morrie I. Kleinbart, Assisant District Attorney, on the brief), New York, New York, for Respondent–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Samper appeals the district court's May 16, 2005, denial of his habeas corpus petition (Alvin K. Hellerstein, *Judge*), alleging ineffective assistance of counsel at his New York state trial. On a previous appeal, this court vacated and remanded the case, holding that there was not an adequate record to allow this court to determine whether trial counsel was ineffective for failing to call certain witnesses. *Samper v. Greiner*, 74 Fed.Appx. 79 (2d Cir.2003). Upon remand, the district court held an evidentiary hearing. It then ruled against petitioner, holding that trial counsel had a legitimate reason for failing to call Delia Ospina, Luis Fernando Ospina, and Gloria Donilla Ospina as alibi witnesses and that calling neither Maria Torres nor Arturo Soriano would have changed the outcome of petitioner's trial. The district judge granted a certificate of appealability.

Because petitioner's claims were presented to the state courts and adjudicated on the merits, *see People v. Samper*, 252 A.D.2d 999, 677 N.Y.S.2d 227 (1998), we may issue the writ only if the state courts' resolution of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires petitioner to show both that his counsel's assistance was objectively unreasonable under prevailing professional norms and that, but for counsel's ineffectiveness, there is a reasonable probability of a different outcome at trial. We review the district court's denial of the writ de novo but review its factual conclusions for clear error. *See Doe v. Menefee*, 391 F.3d 147, 163–64 (2d Cir.2004).

The district court's conclusion, upon a thorough and well-reasoned analysis, that petitioner did not establish that his trial counsel was ineffective admits of no error. But we, like the district court, "must admit a disquiet. The jury struggled in its deliberations, and we cannot be sure that another jury, or judge, would not have come to an opposite verdict." *Samper v. Greiner*, No. 00 Civ. 1401, 2005 WL 1140541, at *3, 2005 U.S. Dist. LEXIS 8975, at *24 (S.D.N.Y. May 16, 2005). Nevertheless, we agree with the district court that Samper has failed to demonstrate that his counsel's performance was constitutionally ineffective. We therefore affirm for substantially the reasons given by the district court.

The judgment of the District Court for the Southern District of New York is hereby AFFIRMED.